Submitted on briefs December 19, 1972, affirmed January 19, 1973

TARLOW ET UX, *Appellants, v.* ARNTSON ET AL,
*Respondents.*

505 P2d 338

Marvin S. W. Swire, Frank D. Riebe, and Rosenberg, Swire & Riebe, Portland, filed briefs for appellants.

James F. Spiekerman, and Souther, Spaulding, Kinsey, Williamson & Schwabe, Portland, filed a brief for respondents.

HOLMAN, J.

This is a suit for a declaratory judgment. Plaintiffs seek interpretation of a written agreement concerning the common use by plaintiffs and defendants of an elevator and also supplementary relief in the form of an injunction restraining defendants' use of the elevator. Plaintiffs appeal from a decree of the trial court declaring that defendants are entitled to the use of the elevator in common with plaintiffs as long as defendants' use does not unreasonably interfere with plaintiffs' use and as long as defendants pay their proportionate share of the costs of maintenance and repair of the elevator.

On April 14, 1927, plaintiffs' predecessors in interest deeded part of a parcel of ground to defendants' predecessors in interest, retaining a perpetual easement for the construction and maintenance of an elevator on a small portion of the granted premises adjoining the land which was retained. A multistory building was then, and is now, upon each of the two

---

McAllister and Tongue, JJ., did not participate in the consideration or decision of this case.

parcels (that parcel granted and that retained). The buildings are contiguous and each is served by a common elevator upon that part of the premises which was the subject of the easement. Two weeks later, on April 27, the same parties entered into a written agreement allowing defendants' initial predecessor the use of the elevator. The relevant parts of the agreement concerning the use of the elevator are as follows:

"THIS AGREEMENT MADE AND ENTERED INTO AT PORTLAND, OREGON, this 27th day of April, 1927, by and between Nassau Co., a corporation hereinafter referred to as the 'Company', [plaintiffs' predecessor in interest] and McEwen Ransom, hereinafter referred to as the 'Licensee' [defendants' predecessor in interest],

WITNESSETH:

"* * * * *.

"It is the desire of the 'Licensee' to be permitted to use said elevator at such times and in such manner as may be convenient. The 'Company' is willing to grant to the 'Licensee' the right to use said elevator all in accordance with the conditions and stipulations set forth in this agreement.

"IT IS THEREFORE UNDERSTOOD AND AGREED BY AND BETWEEN THE PARTIES HERETO AS FOLLOWS:

"1. The 'Company' hereby grants to the 'Licensee' a license and authority to make use of the elevator situated on the above described easement property for the purpose of carrying freight to and from various portions of the building now owned by the 'Licensee', his successors and assigns, for the period the elevator is being used as such by the 'Company', its successors or assigns.

"2. It is understood that the use to which said elevator may be put by the 'Licensee' shall be subject to and subordinate to the superior right of the

'Company', its successors and assigns, to the use of said elevator for the purpose of carrying freight to and from various portions of its buildings and the use to which the 'Licensee' may put said elevator and the times at which he may use said elevator shall not interfere with the use thereof by the 'Company', its successors and assigns.

"3. It is understood and agreed that as a rental for the use of said elevator the 'Licensee' shall pay and hereby agrees to pay to the 'Company', its successors and assigns, the proportionate costs of maintenance and operation of said elevator, including the cost of replacements of all worn out machinery and apparatus and equipment and the costs for coverage of indemnity insurance the proportion to be paid by the 'Licensee' shall be such a sum as corresponds to the proportion of use made of said elevator by said 'Licensee'.

"4. It is understood by the parties hereto that the cost of the operation of said elevator is not now accurately ascertainable and that the proportionate amount to be charged to the 'Licensee' cannot now be determined, but that the method of determining said amount to be paid by the 'Licensee' to the 'Company' shall be determined from time to time by the parties hereto, and the 'Licensee' agrees to pay said proportion.

"5. All of such replacements as shall be reasonably necessary for the adequate and safe operation of said machinery, apparatus and equipment shall be made by the 'Company' and the cost of said maintenance and operation in the first place shall be paid by the 'Company' and the 'Licensee' shall pay its proportion thereof to the 'Company' upon rendition of bills therefor.

"6. In the event that the 'Licensee' fails to pay said proportion of the cost of operation, the right to use said elevator shall automatically terminate, as if this agreement had not been made.

"* * * * *"

Prior to the commencement of this proceeding, plaintiffs gave notice to defendants that plaintiffs were terminating defendants' right to use the elevator.

Plaintiffs contend the language of the agreement is clear, unambiguous, and bestows only a license to use the elevator. Because "license" is defined as a revocable privilege to use the land of another, plaintiffs reason that defendants' right to use the elevator ceased when plaintiffs gave defendants notice of termination. In addition, plaintiffs urge that the failure to use the words "successors and assigns" following "Licensee" indicates that defendants' original predecessor in interest had a right which was personal to him and nontransferable. It is further urged that because the agreement calls for the payment of "rental" by the licensee and "rent" is defined as the payment for the temporary use of real property, the agreement is terminable.

■ The name which the parties to an agreement attach to a relationship created thereby is an aid to interpretation if the instrument is ambiguous. *Sproul et al v. Gilbert et al,* 226 Or 392, 359 P2d 543 (1961). However, the use of a particular term does not, of itself, automatically determine the nature of the relationship, and, if there is any ambiguity, courts construe "the whole mass of words" in determining the intention of the parties. *Sproul, supra.*

2. The absence of the phrase "successors and assigns" is also a circumstance to be taken into consideration in determining the nature of the parties' relationship, but it is only one element of such consideration. *Updegrave v. Agee,* 258 Or 599, 604, 484 P2d 821 (1971). Despite the terms used, the intention of the parties governs.

■ The instrument in question is ambiguous. In the first place, the language "hereby grants" is not normally used in the giving of a license but, rather, it is used in bestowing an interest of some sort in real property. See Black's Law Dictionary 829 (4th ed 1951). Also see *Blue River Sawmills et al v. Gates et al,* 225 Or 439, 474, 358 P2d 239 (1961), quoting from 53 CJS 806, Licenses § 79. The instant agreement states:

> "The 'Company' *hereby grants* to the 'Licensee' a license and *authority to make use of the elevator* situated on the above described easement property for the purpose of carrying freight to and from various portions of the building now owned by the 'Licensee', his successors and assigns, *for the period the elevator is being used as such by the 'Company', its successors or assigns."* (Emphasis supplied.)

Also, if it was intended by the agreement that a simple license be given, there was no object in specifying the time during which it would exist, since it could have been terminated at will. This instrument provides that the period of use is for the time the elevator is used by its owners, their successors and assigns. This provision indicates something more than a simple license.

■ How the original parties and their successors conducted themselves in relation to the agreement is instructive in our determination of what must have been intended. Though there is no evidence of any subsequent agreements between the original or succeeding owners of the respective properties, the elevator has been used by defendants and their predecessors in interest for almost 45 years. Thus, the right to use the elevator has been treated as if it ran with the land rather than as a right personal to the owner

of defendants' building at the time of the agreement. The right conferred to a licensee is usually personal to him and is not the subject of transfer. *Strandholm v. Barbey,* 145 Or 427, 26 P2d 46 (1934).

However, the rule that a license is not transferable is not an invariable one. It may be assignable if the parties so intend. Where it is created for commercial purposes, it is normally inferred that the parties intend it to be assignable unless there is evidence of contrary intent. *Rouse v. Roy L. Houck Sons',* 249 Or 655, 439 P2d 856 (1968).

■ It is reasonable to assume also that many improvements made in the intervening years upon defendants' building were undertaken on the assumption that the right to use the elevator would continue. Defendants testified that they have so made improvements since their ownership. This, also, is a circumstance which a court of equity should take into consideration in defining the parties' relationship. *Powers et ux v. Coos Bay Lumber Co.,* 200 Or 329, 413-16, 263 P2d 913 (1954).

■ Regardless of the name which we attach to it, the relationship apparently was intended to be more than a mere terminable personal right in defendants' predecessors in interest to use the elevator. The use was given for commercial purposes and for the period of time that plaintiffs' predecessors in interest, their successors and assigns continued to use the elevator, and the right to such use was treated as if it descended with the ownership of defendants' land. This is not indicative of a terminable, nontransferable license. Defendants have an irrevocable license or an easement to use the elevator as long as it is maintained and used by plaintiffs, their successors and assigns, and as

long as defendants comply with the obligations which the agreement places on them. See 2 American Law of Property 317-18, § 8.112 (1952 ed).

We consider of no consequence the requirement of the agreement that defendants pay as "rental" a proportion of the cost of maintaining the elevator.

The decree of the trial court is affirmed.